UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AMOUH LOHBENG,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General of
the United States,

*Respondent.*

No. 02-1864

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-946-937)

Submitted: September 25, 2003

Decided: October 24, 2003

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Terri J. Scadron, Assistant Director, Virginia M. Lum, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Amouh Lohbeng, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) denying his application for asylum and withholding of removal. The Board adopted the opinion of the IJ concluding Lohbeng failed to present credible evidence establishing past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). We have reviewed the administrative record, the IJ's decision, and the Board's conclusion, and find that substantial evidence supports the IJ in his ruling that Lohbeng failed to establish refugee status. We have reviewed the IJ's credibility determinations and conclude that they are supported by specific, cogent reasoning, and therefore are entitled to substantial deference. *Figeroa v. INS*, 886 F.2d 76, 78 (4th Cir. 1989).

Additionally, we uphold the Board's denial of Lohbeng's application for withholding of removal. The standard for receiving withholding is "more stringent than that for asylum eligibility." *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). As Lohbeng has failed to establish refugee status, he cannot satisfy the higher standard for withholding of removal.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*